**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DING MA,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 07-75132<br><br>Agency No. A-096-070-514<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Ding Ma, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we grant the petition for review and remand.

Substantial evidence does not support the IJ's adverse credibility determination. *See Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999) ("[A] concern that the affidavit is not as complete as might be desired cannot, without more, properly serve as a basis for a finding of lack of credibility.") (internal quotations and citations omitted). Specifically, Ma's omission from his declaration of being kicked by policemen two or three times on his right calf is minor, *see Aguilera-Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir. 1990) (minor omissions cannot support an adverse credibility finding), and his omission from his declaration of being fired from his job is minor in light of his explanation that verbal termination is routine and expected following arrest, *see Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir. 2005). Finally, the IJ's finding that Ma failed to provide witness corroboration of the letter concerning his church attendance does not support an adverse credibility determination because Ma was not required to provide additional corroboration. *See Gui v. INS*, 280 F.3d 1217, 1227 (9th Cir. 2002) ("Where, as here, a petitioner provides some corroborative evidence to strengthen his case, his failure to produce still more supporting evidence should not be held against him.").

Accordingly, we grant the petition for review, and remand for the agency to consider Ma's asylum, withholding of removal, and CAT claims, taking his testimony as true. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**